## UNITED STATES DISTRICT COURT
### District of New Jersey

CHAMBERS OF  
JOSE L. LINARES  
JUDGE

MARTIN LUTHER KING JR.  
FEDERAL BUILDING & U.S. COURTHOUSE  
50 WALNUT ST., ROOM 5054  
P.O. Box 999  
Newark, NJ 07101-0999  
973-645-6042

NOT FOR PUBLICATION

## LETTER-OPINION AND ORDER

May 16, 2005

Rick L. Martino  
2323 Davidson Ave.  
Bronx, NY 10468  
(Pro Se Plaintiff)

  Re: Rick L. Martino v. Solaris Health Systems Corps. et als.  
    Civil Action No.: 04-CV-6324 (JLL)

Dear Litigant:

  This matter comes before the Court on the motion of pro se Plaintiff Rick L. Martino, appealing the March 21, 2005 Letter-Order of the Honorable Magistrate Judge Ronald J. Hedges,[1] U.S.M.J., denying Plaintiff's motion for an ex parte seizure Order. The appeal is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Judge Hedges' Order is AFFIRMED.

### BACKGROUND

  On March 4, 2005, Plaintiff made an application for an ex parte Order pursuant to Fed. R. Civ. P. 5(a), directing the United States Marshals to seize "certain documents from certain defendants...." Evidently, these documents are the medical records of Plaintiff's son, Americo L. Martino, from J.F.K. Medical Center, in Edison, New Jersey. Plaintiff also requested that said documents be maintained by this Court.[2] By Letter-Order of March 21, Magistrate Judge Hedges

---

[1]While Plaintiff identifies this motion as one for "Reconsideration," the substance of the submissions relate to the review of Magistrate Judge Hedges' March 24 Order. Accordingly, this Court will treat the motion as an appeal of the magistrate judge's decision.

[2]Plaintiff also made reference to a Protective Order against any further purported "false arrests" made upon Plaintiff. Additionally, he sought a Protective Order for Plaintiff's adult son, Americo, on numerous grounds. As there is no evidence in the record to support these assertions, this Court finds no grounds upon which to issue a Protective Order. Notwithstanding, it does not appear the this Court would have authority to issue such an Order. Accordingly,

denied Plaintiff's application for an ex parte Order.

## LEGAL STANDARD

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F.Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, *3 (D.N.J. Jul. 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000). A magistrate judge's legal conclusions, however, are subject to de novo review. Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Lo Bosco, 891 F. Supp. at 1037. "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Bobian v. CSA Czech Airlines, 222 F.Supp.2d 598, 601 (D.N.J. 2002) (citing Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998)).

Where, as here, the magistrate judge made a determination on a non-dispositive matter such as a discovery motion, his ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Communications and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); Frank v. County of Hudson, 924 F.Supp. 620, 623 (D.N.J. 1996); see also Nestle Foods Corp. v. Aetna Cas. and Sur. Co., Civ. No. 89-1701 (D.N.J. slip op. filed July 20, 1992) ("[A] Magistrate Judge's order in a discovery matter warrants great deference; the order will be reviewed only if it is found to be an abuse of discretion."). In light of this framework, the Court turns to Plaintiff's appeal of Magistrate Judge Hedges' March 21 decision.

## LEGAL DISCUSSION

In his March 21 Letter-Opinion, Magistrate Judge Hedges denied Plaintiff's application for an ex parte seizure Order. Judge Hedges determined that there was no basis for the Order, reasoning that the motion "is premised on a hypothetical concern that the documents will be destroyed." (Id.). This Court agrees. This Court cannot say that the magistrate judge's ruling constituted an abuse of discretion, and accordingly, will not be disturbed.

## CONCLUSION

For the foregoing reasons, it is on this 16th day of May, 2005,

**ORDERED** that Magistrate Judge Hedges' March 21 Letter-Order is hereby AFFIRMED. It is so ordered.

/s/ Jose L. Linares

DATED: May 16, 2005     UNITED STATES DISTRICT JUDGE

---

inasmuch as Plaintiff seeks a Protective Order, that request is denied.