<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| RICK L. MARTINO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 04-6324 (SRC) |
| v. | : | |
| | : | |
| SOLARIS HEALTH SYSTEMS CORP., | : | |
| ET AL., | : | |
| | : | |
| | : | |
| Defendants. | : | |

---

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Motions to Dismiss for Failure to Respond to Discovery filed by Defendants J.F.K. Medical Center, John P. McGee, Ann Griem, Carole Distel and Alex Rivera [Docket Entry #86], Defendants Surrogate James A. LaCorte, Union County Jail Property Clerk, Union County Sheriff Officer Anastasatos, Badge #48, Union County Sheriff Sgt. Jotz,  and Union County Sheriff Officer Ellen Heller [Docket Entry # 87], and Defendant Rodemar Perez, M.D. [Docket Entry #88] respectively. Plaintiff did not oppose the motions.  Pursuant to <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 78, no oral argument was heard.  This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons

expressed below, I respectfully recommend that the Court enter an Order dismissing Plaintiff's Complaint with prejudice.

## BACKGROUND

On December 22, 2004, pro se Plaintiff Rick Martino filed a Complaint alleging civil rights claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as well as conspiracy claims, against a number of Defendants, including several hospitals and hospital employees, a number of Edison Police officers, several attorneys, a number of Union County officials, certain family members and others. Plaintiff's allegations center around Defendants' actions taken in connection with Plaintiff's son's hospitalization following a near fatal car accident in May 2004.

On January 26, 2006, United States Magistrate Judge Ronald J. Hedges entered a Scheduling Order in this matter whereby all parties were to serve Interrogatories and Document Requests by March 3, 2006 and responses to same were to be served by April 27, 2006.   Accordingly, on March 3, 2006, Defendants served Interrogatories and Document Requests upon Plaintiff.   Plaintiff failed to respond to Defendants' discovery requests.   Defendants, on the other hand, timely responded to Plaintiff's discovery requests despite the fact that such requests were served upon Defendants beyond the deadline set in Judge Hedges's Scheduling Order.   On May 17, 2006, this matter was reassigned to the

Undersigned.

By letter dated September 14, 2006, defense counsel advised the Court that Plaintiff had failed to respond to Defendants' discovery requests. On September 29, 2006, the Court entered an Order requiring Plaintiff to provide discovery responses within twenty days. The Order also provided that if said discovery responses were not served within twenty days, the Court would entertain applications to dismiss the Complaint.

On October 30, 2006, the Undersigned received correspondence from Plaintiff indicating that he had been hospitalized and attaching a discharge sheet from the hospital indicating that Plaintiff had been discharged on October 26, 2006. After allowing an additional twenty days to elapse following Plaintiff's discharge from the hospital and still having received no discovery responses from Plaintiff, Defendants filed the instant motions. Plaintiff did not submit opposition to Defendants' motions.

## DISCUSSION

Pursuant to <u>Fed. R. Civ. P.</u> 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. <u>Harris v. City of Philadelphia</u>, 47 F.3d

3

1311, 1330 (3d Cir. 1995).  A failure to comply with court orders, a failure to respond to discovery, or other failure to act is sufficient to constitute lack of prosecution.  Adams v. Trustees of the New Jersey Employees' Pension Fund Trust Fund, 29 F.3d 863, 875 (3d. Cir. 1994).

Moreover, under Fed. R. Civ. P. 37(b)(2)(C), if a party fails to obey a discovery order a court may enter an order "striking out pleadings or parts thereof or . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."  The Third Circuit Court of Appeals has identified the following six factors to consider when deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6)the meritoriousness of the claim or defense.  Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). While all of these factors must be evaluated, they do not all need to be met for a court to find that dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

Here, the Poulis factors weigh in favor of dismissing Plaintiff's Complaint.  With respect to the first factor,

4

Plaintiff's personal responsibility for failing to comply with
this Court's Orders is established because he is <u>pro</u> <u>se</u>; his
failure to meet his obligations before this Court cannot be
blamed on counsel. <u>Walker v. Sherrer</u>, Civ. No. 06-1014, 2006 WL
3019652, *2 (D.N.J. Oct. 24, 2006)("[A]s <u>pro</u> <u>se</u> litigants,
Plaintiffs bear sole responsibility for their failure to pursue
their claims and their failure to complete the simple act of
updating the Court as to their current mailing addresses."); <u>see</u>
<u>also</u> <u>Palmer v. Sec. Nat'l Bank</u>, Civil Action No. 00-287, 2001
U.S. Dist. LEXIS 11473, at *3 (E.D. Pa. June 13, 2001) ("Pro se
plaintiffs cannot be held to the same strict standards as
attorneys, but they also cannot be excused from compliance with
the plain text of the federal rules and court orders."].
Moreover, while it appears that Plaintiff was hospitalized just
prior to, and for some time after, the deadline for serving his
discovery responses, defense counsel provided Plaintiff an
additional twenty days after his discharge from the hospital
within which to comply with the Court's order.  Despite this
extension of time, Plaintiff failed to provide any discovery to
Defendants.

     As for the second <u>Poulis</u> factor, it is clear that
Plaintiff's inaction has prejudiced Defendants in their defense
of this matter, which has been pending for over two years.
Indeed, Defendants cannot properly defend against this action

without understanding Plaintiff's version of the events. Moreover, Defendants have been prejudiced because they have been forced to expend significant time and resources in their attempts to obtain relevant discovery from Plaintiff.

In terms of the third Poulis factor, Plaintiff's history of dilatoriness is apparent from the record in this matter as he has not responded to Defendants' letters requesting discovery and has not complied with this Court's Orders.  While it is not clear that Plaintiff acted in bad faith, his consistent failure to obey this Court's Orders, at the very least, renders his actions willful for purposes of the fourth Poulis factor.  Gilligan v. Cape May County Correctional, Civil No. 05-1177, 2006 WL 3454864, *3 (D.N.J. Nov. 28, 2006) (citation omitted).

As for the fifth Poulis factor, it appears that alternative sanctions are not appropriate in this instance in light of Plaintiff's repeated failures to meet his obligations despite Defendants' courtesies and the Court's leniency.  Finally, the Court finds that the sixth Poulis factor is neutral.  The meritoriousness of Plaintiff's claims here is unclear given the lack of discovery and the concomitant absence of support for Plaintiff's claims beyond the bare allegations outlined in the Complaint.  Accordingly, under the Poulis test, dismissal of this case is appropriate.

6

<u>**CONCLUSION**</u>

For the foregoing reasons, I recommend that the Court enter an Order dismissing this case in its entirety with prejudice.


Respectfully submitted,

*s/ Claire C. Cecchi*
_____
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: May 11, 2007**

7