**NOT FOR PUBLICATION**                                    **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICK L. MARTINO,                          :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :     Civil Action No. 04-6324 (SRC)
                                          :
SOLARIS HEALTH SYSTEMS CORP.,             :     **OPINION and ORDER**
ET AL.,                                   :
                                          :
            Defendants.                   :

**THIS MATTER** comes before the Court upon Defendants' Motions to Dismiss (Docket Entry Nos. 86, 87 and 88), and upon the May 11, 2007 Report and Recommendation issued by Magistrate Judge Cecchi, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, having conducted a de novo review, this Court adopts the Report and Recommendation of the Magistrate Judge, grants Defendants' Motions, and dismisses Plaintiff's complaint with prejudice.

**I.    BACKGROUND**

By letter dated September 14, 2006, defense counsel informed the Court that Plaintiff had failed to respond to Defendant's discovery requests. (Report and Recommendation at 2-3.) On September 29, 2006, the Court entered an Order directing Plaintiff to respond to Defendants' discovery requests within twenty days. The Order provided that if Plaintiff did not serve responses within twenty days, the Court would accept applications to dismiss the Complaint. (Id.

at 3.)

On October 30, 2006, Magistrate Judge Cecchi received communications from Plaintiff, informing that he had been hospitalized and discharged on October 26, 2006. Id. Plaintiff received an additional twenty days to comply with discovery. Once this period elapsed, having received no response to the discovery requests, Defendants filed this motion to dismiss. Plaintiff did not oppose the motion.

On May 11, 2007, Magistrate Judge Cecchi issued a Report and Recommendation in the above-captioned case pursuant to 28 U.S.C. § 636(b)(1)(B). After a review of the underlying events leading up to Defendants' Motions to Dismiss and undertaking analysis under Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Magistrate Judge recommended that the action be dismissed in its entirety with prejudice. Specifically, the Magistrate Judge found that Plaintiff, "failed to respond to Defendants' discovery requests." (Report and Recommendation at 2.) The Magistrate Judge's Report details Plaintiff's continuing lack of compliance with both the Court's orders and Defendants' attempts to undertake discovery over the course of seven months. (Id. at 2-3.) Plaintiff has filed no objection to the Report and Recommendation.

## II.     REVIEW OF THE REPORT AND RECOMMENDATION

This Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," after making "a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The Magistrate Judge recommended this case be dismissed with prejudice for Plaintiff's failure to comply with discovery, based on an analysis using the Poulis factors. 747 F.2d 863 (3d Cir. 1984).

Under the factors established in Poulis, the Court must apply a balancing test to determine whether dismissal is an appropriate sanction. 747 F.2d at 868. The Court weighs: (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inactions; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Id.

Considering first the extent of Plaintiff's own responsibility, Plaintiff has been personally responsible for his failure to comply with the Magistrate Judge Cecchi's Order and for failing to respond to Defendants' discovery requests. Merely because Plaintiff is a pro se litigant does not alleviate his responsibility. Plaintiff has not even attempted to explain to the Court the reasons for his non compliance. This Court has no explanation but that Plaintiff is personally responsible.

Regarding the second Poulis factor, prejudice to Defendants caused by Plaintiff's failure to comply with discovery, this case has been pending for over two years. Without compliance, Defendants have not been able to properly defend against the action. Plaintiff's failure to respond to discovery requests has forced the case to a standstill for about seven months. Defendants have expended a significant amount of time and resources in their discovery requests to no avail.

The third Poulis factor, a history of dilatoriness, supports the Magistrate Judge's finding that the case should be dismissed with prejudice. Plaintiff had due time to respond to Defendants' discovery requests and failed to do so, resulting in increased expenditures by Defendants. Plaintiff's continuous avoidance of Defendants' request for discovery and disregard for Court orders has caused intentional and unnecessary delay. Plaintiff was even given an additional twenty day period to comply with discovery after his discharge from the hospital, yet

he still failed to provide any discovery. Plaintiff's behavior has resulted in much delay, and this Court agrees that his conduct indeed exemplifies a history of dilatoriness.

This Court agrees with the Magistrate judge that the fourth <u>Poulis</u> factor of willful conduct is satisfied. Although Plaintiff's conduct may not have been in bad faith, his lack of attention to this case after the Court was sympathetic regarding his absence indicates that his conduct was willful. The fifth <u>Poulis</u> factor, that alternative sanctions are not appropriate, is also satisfied in this case. Plaintiff was given an opportunity to respond to discovery requests and did not do so. Finally, with respect to the sixth <u>Poulis</u> factor, the meritoriousness of Plaintiff's claim, the Court finds that it is neutral. Given the lack of discovery, the Court cannot evaluate the merits of Plaintiff's claim.

Five of the six <u>Poulis</u> factors weigh in favor of dismissal as an appropriate sanction, while the sixth is neutral. Thus under the <u>Poulis</u> test, dismissal with prejudice is appropriate.

### III.  CONCLUSION

For the foregoing reasons, this Court finds upon a de novo review that Magistrate Judge Cecchi's Report and Recommendation correctly recommended dismissal under the <u>Poulis</u> factors, and as such, this Court adopts it in its entirety. Plaintiff's Complaint will be dismissed with prejudice.

**IT IS THEREFORE** on this 28 day of June 2007,

**ORDERED** that the Motions to Dismiss (Docket Entry Nos. 86, 87 and 88) are **GRANTED** and any other pending motions are dismissed as moot; and it is further

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE.**

_____
Stanley R. Chesler, U.S.D.J.